[Civil No. 2835. Filed April 14, 1930.]

[286 Pac. 819.]

HATTIE L. MOSHER, Appellant, v. C. C. CANFIELD and LOY H. WALLACE, Appellees.

Mr. John W. Ray and Mr. J. C. Niles, for Appellant.

Mr. Maurice Blumenthal, and Mr. Melville H. Miller, for Appellees.

ROSS, J.—The plaintiff, Hattie L. Mosher, brought this action against C. C. Canfield, alleging that he owed her for rent the sum of $1,410. Canfield answered that the debt was that of C. C. Canfield and Loy H. Wallace, a copartnership, and asked that suit be abated. The court, after hearing the evidence, refused to abate the action, but granted Canfield's motion to require plaintiff to make Wallace a defendant, and this was done by amendment of the complaint. The defendants' answer to the amended complaint admitted the indebtedness and counterclaimed for work and material rendered and furnished plaintiff in the sum of $1,010.92. The defendants tendered to plaintiff the balance and accrued costs in the sum of $410.88. The tender being refused by plaintiff, said amount was paid into court subject to the determination of the suit.

The court, sitting without a jury, heard the evidence and rendered judgment in favor of plaintiff for the difference between the amount she sued for and defendants' counterclaim plus accrued costs, or for the sum of $410.88.

From this judgment and the order overruling her motion for a new trial, plaintiff has appealed.

Complaint is made of the action of the court requiring plaintiff to amend her complaint and bring into the case Loy H. Wallace as a defendant. Under section 3836, Revised Code of 1928, plaintiff's right to sue one of the partners alone for the firm debt is recognized, but therein it is provided that "the court may . . . require the plaintiff to bring in as defendants all parties jointly liable on the obligation in the

action, and any subsequent judgment shall be for the amount unsatisfied." Section 3733, Id., also confers on the court the power to order to be brought in additional parties plaintiff or defendant. The purpose of these provisions is obvious. It is to enable the court to settle speedily and in the one action, if possible, all of the rights of all of the parties interested in the subject matter of the suit. We think the court's order highly commendable, and that a refusal to make it under the circumstances, it being made to appear that the debt was a partnership debt, would have been an abuse of discretion. No excuse for failure to make Wallace a defendant is shown, such as inability to find him or nonresidence. On the contrary, he was within the jurisdiction of the court and asking to be made a defendant.

The plaintiff assigns as error the overruling of her demurrer to set-off and counterclaim. After plaintiff in pursuance of the court's order amended her complaint to bring in Wallace as a defendant, the defendants filed an amended answer and counterclaim thereto. The plaintiff replied to this last pleading but did not file any demurrer thereto. This assignment, therefore, raises no question.

Assignments 5 and 6 are that the court erred "in the admission of testimony as shown by the reporter's transcript over objection" and "in its ruling in the rejection of testimony offered by plaintiff as shown by the reporter's transcript." Assignments of this kind are too general and indefinite to advise the court of the particular errors of which complaint is made. 3 C. J. 1370, § 1519.

It is next said the court erred in rendering judgment in favor of plaintiff for only the difference between the sum sued for and the counterclaim, and in not giving plaintiff judgment for all she sued for. The counterclaim arose upon a contract between the plaintiff and defendants. The services and materials

rendered and furnished to plaintiff by defendants had not been paid for and the charges therefor were due and owing them when plaintiff brought her action, and clearly were, under sections 3784 and 3785 of the Revised Code of 1928 concerning counterclaims, a legal offset to plaintiff's demand against defendants.

The appeal is without any merit whatever.

Judgment affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.