HOT OIL SERVICE, INC., a New Mexico corporation, doing business as Graves Oil Company, Appellant,

v.

Winifred Becenti HALL, individually and Winifred Becenti Hall as Administratrix of the Estate of Joe Hall, Appellee.

No. 20248.

United States Court of Appeals
Ninth Circuit.

Sept. 14, 1966.

Rehearing Denied Oct. 25, 1966.

Earl Carroll, Evans, Kitchel & Jenckes, Phoenix, Ariz., James L. Brown, Farmington, N. M., for appellant.

Favour & Quail, Prescott, Ariz., for appellee.

Before MERRILL, BROWNING, and ELY, Circuit Judges.

ELY, Circuit Judge:

This is an appeal from dismissal of a complaint for lack of jurisdiction. Our jurisdiction is conferred by 28 U.S.C. § 1291.

Appellant, plaintiff below, is a New Mexico corporation. Appellee is an Indian woman, a member of the Navajo tribe, and was sued both in her individual capacity and as administratrix of her late husband's estate. Her husband was a non-Indian citizen of the United States, a resident, prior to his death, of the State of Arizona. His estate is being administered by an Arizona court.

Appellee, individually, had leased certain Arizona property from her tribe. She then leased the property to appellant. Appellant built automobile service station facilities on the leased premises at a cost in excess of $80,000 and then leased the facilities to appellee and her husband. Subsequently, appellant terminated this lease under provisions of the lease agreement and instituted its suit in the court below. To prevent interference with its operation of the service station and facilities located on the leased property, it sought a temporary

restraining order and a permanent injunction against appellee. It also prayed for damages in the sum of $25,701.20, alleged to represent unpaid rent and the value of goods, wares, and merchandise sold and delivered by appellant to appellee and her deceased husband. Amounts of $765.93 and $2,000, plus interest and attorney's fees, were also claimed as past due obligations under a promissory note.

Appellant's contention that the District Court had federal-question jurisdiction is without merit. The contention is based upon 25 U.S.C. §§ 182, 635.

■ Section 182 provides that Indian women who marry citizens of the United States are themselves citizens of the United States with all the rights, privileges, and immunities of any such citizen. This controversy does not involve any question as to appellee's citizenship, nor does it involve derogation of rights, privileges, and immunities conferred by section 182. We cannot believe that Congress, when it undertook to fix "rights, privileges, and immunities," intended to withdraw protective rights, with regard to Reservation affairs, which Indians enjoy because they are Indians. See Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959).

■■ Section 635 pertains to the disposition of Indian lands. The disposition of the land is not questioned here, although the appellant claims that rents remain unpaid. One of the purposes of section 635 was to permit the Navajos to dispose of their land with less federal supervision. We cannot read into the statute an intent that it was designed to expand the jurisdiction of the federal courts. See 2 U.S.Code Cong. & Adm. News, p. 2352 (1960).

■ Appellant also contends that the District Court erred in determining that it did not have diversity jurisdiction.

In Williams v. Lee, supra, the Supreme Court held that the state court of Arizona did not have jurisdiction in a suit by the operator of a general store, located on the Navajo Indian Reservation in Arizona, against an Indian to collect for goods sold on credit. In our case, the District Court could not have had diversity jurisdiction unless the state court would also have had subject-matter jurisdiction. See Woods v. Interstate Realty Co., 337 U.S. 535, 538, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949), 28 Texas L. Rev. 444; Wright, Federal Courts 152 (1963). The land involved was tribal Indian land which was leased by the tribe to one of its members who, acting alone, conveyed a leasehold interest to the non-Indian lessor. Involving Indian land, the suit necessarily involved Reservation affairs. The defendant, in an individual capacity, was an Indian. As we understand the teaching of *Williams*, the Arizona state courts would have been without subject-matter jurisdiction. This being so, there was no diversity jurisdiction in the Arizona District Court.

■■ Our case is complicated by the fact that appellee was also, as administratrix of the estate of her late non-Indian husband, a defendant in her representative capacity. Since the citizenship of the representative of an estate controls in determining the existence of diversity (Childress v. Emory, 21 U.S. (8 Wheat.) 642, 667, 5 L.Ed. 705 (1823); Wright, supra at 81), the court could have had jurisdiction had it been possible for the New Mexico corporation to sue appellee only as an administratrix. But the appellant chose to sue her, not only in her representative capacity, but also in her individual capacity as an Indian; hence, the issue as to whether she was an indispensable party defendant in both of her capacities is not presented.[1] Since

---

1. As the original lessor and a joint lessee under the written lease upon which the suit was based, it appears that appellee would have been an indispensable party in both her capacities in a similar action in the Arizona courts. Ariz.R.Civ.P. 19, 16 A.R.S.; Mosher v. Canfield, 36 Ariz.

435, 286 P. 819 (1930). Our court has indicated, however, that state law may not be controlling in the determination of who is an indispensable party in diversity cases. Resnik v. La Paz Guest Ranch, 289 F.2d 814, 820 (9th Cir. 1961).

diversity jurisdiction does not lie in an action against her as an individual, it cannot arise simply because she was also sued in her capacity as a representative.[2]

Affirmed.

2. The Navajo Tribal Code provides that the Trial Court of the tribe shall have original jurisdiction over civil litigation in which a Navajo Indian is the defendant. 7 Navajo Tribal Code § 63. We are told by the parties that, following dismissal of the complaint in the District Court, the appellant instituted suit in the Navajo Trial Court. We are not advised as to the present status of that litigation.

The Code of Federal Regulations provides that the Court of Indian Offenses may, by stipulation of the parties, entertain jurisdiction in suits between members of an Indian tribe and nonmembers. 25 C.F.R. §§ 11.22, 11.22C, 11.22CA.