**Janet Marie FLOTEMERSCH, Plaintiff,**

**v.**

**BEDFORD COUNTY GENERAL HOSPITAL, etc., et al., Defendants.**

**No. CIV–4–75–34.**

United States District Court,
E. D. Tennessee,
Winchester Division.

Nov. 6, 1975 and Dec. 3, 1975.

W. A. Moody, Nashville, Tenn., for plaintiff.

William R. Willis, Jr., and Frank C. Gorrell, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a diversity action for damages for medical malpractice. The defendants Bedford County General Hospital and Dr. J. Henry Feldhaus, Jr. moved for a dismissal on the apparent ground that the plaintiff failed to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, in that the plaintiff failed to comply with the review provisions of the Tennessee Medical Malpractice Review Board and Claims Act of 1975, Public Acts of Tennessee of 1975, chapter 299, as a precedent to the commencing of this action. § 3(b) thereof provides:

> * * * No medical malpractice action shall be filed in *any* court *within* this State unless the plaintiff in such action shall have complied with the provisions of this [Act] requiring a review of the claim upon which such action is based by the medical malpractice review board having jurisdiction over the matter. [Emphases supplied.]

The plaintiff alleged in her complaint that she was " * * * unable to comply * * * " with this statutory condition precedent " * * * in that the Governor of the [s]tate of Tennessee has failed as of the date of this filing to constitute or appoint a Medical Malpractice Review Board * * * ". By way of belated response to the aforenamed defendants' motion, she stated that no " * * * place * * * " existed at which she could have given the statutory written notice provided for in § 3(b) of such act. Neither such factual allegation on the part of the plaintiff was supported in such response by affidavit. See local Rules 12(a), (b).

██ The plaintiff contends further in her response that her allegation in her complaint of the diverse citizenship of the respective parties and the requisite jurisdictional amount suffice to invoke the jurisdiction of this Court. Rule 8(a)(1), Federal Rules of Civil Procedure. This is an erroneous view: a plaintiff in a diversity action in a federal court must also allege the substantive law of the state in which such a court sits, " * * * showing that [she] is entitled to relief * * * ", Rule 8(a)(2), Federal Rules of Civil Procedure. thereunder. See *Mitchell v. White Consolidated,* C.A.7th (1949), 177 F.2d 500, 503[3], certiorari denied (1950), 339 U.S. 913, 70 S.Ct. 574, 94 L.Ed. 1339; *Weir v. United States,* C.A.8th (1962), 310 F.2d 149, 155–156[7], as to statutory conditions precedents. Specifically, the plaintiff was required to demonstrate that the prerequisites for relief under the Tennessee Medical Malpractice Review Board and Claims Act of 1975, *supra,* § 3(b), were satisfied or have been excused. See Wright & Miller, Federal Practice and Procedure: Civil, § 1204. Ordinarily, in such a situation, it is sufficient for the plaintiff to " * * * aver generally that all conditions precedent have been performed * * * ". Rule 9(c), Federal Rules of Civil Procedure; see *Ginsburg v. Insurance Company of North America,* C.A.6th (1970), 427 F.2d 1318, 1321–1322 [9].

██ Here, however, the statutory condition precedent has not been performed, and the plaintiff appears inferentially to have alleged that she was excused from such nonperformance by the

failure of an executive officer of the state of Tennessee to perform an obligatory duty. The Supreme Court ruled long ago:

> \* \* \* \* \* \*

> \* \* \* If the executive officer failed to do his duty, he might have been constrained by a *mandamus* But courts cannot perform executive duties, or treat them as performed when they have been neglected. They cannot enforce rights which are de pendent for their existence upon a prior performance by an executive officer of certain duties he has failed to perform. The right of the claimant rests upon a condition unfulfilled.
> \* \* \*

*United States v. McLean* (1878), 95 U.S. 750, 24 L.Ed. 579, 580 (headnote 3). The Constitution, Fourteenth Amendment, does not prevent the state of Tennessee from prescribing a reasonable and appropriate condition to the bringing of a lawsuit of a specified kind or class, so long as the basis of distinction is real and the condition imposed has a reasonable relation to a legitimate object. *Jones v. Union Guano Co.* (1924), 264 U.S. 171, 181, 44 S.Ct. 280, 68 L.Ed. 623, 628 (headnote 2). For the purpose of the present motion, this Court must presume that the General Assembly of Tennessee, in enacting the Tennessee Medical Malpractice Review and Claims Act of 1975, *supra,* acted constitutionally. *Cf. McDonald v. Bd. of Election Com. of Chicago* (1969), 394 U.S. 802, 809, 89 S.Ct. 1404, 22 L.Ed.2d 739, 745 [6].

The questions remain, whether the plaintiff may now perform the required statutory condition precedent, and whether this action may properly be held in abeyance during such performance. Counsel for the moving and respondent parties will provide the Court through the clerk with a brief on these issues within 15 days herefrom. Within 5 additional days after the adversary brief is filed with the clerk, any party desiring to submit an additional amendatory or supplemental brief may do so.

Other matters hereby are reserved.

### ORDER

Counsel for all parties having agreed by respective briefs that this action may properly be held in abeyance while the plaintiff performs the statutory condition precedent to the commencement of this action, the plaintiff hereby is

Ordered to comply forthwith with the review provisions of the Tennessee Medical Malpractice Review Board and Claims Act of 1975, § 3(b). This action hereby is stayed for a period of 180 days herefrom or until the performance of such statutory condition precedent, whichever may occur first.