Carmello **MARQUEZ**, a minor by Dionisia Marquez, his guardian and Dionisia Marquez, in her own right

v.

**HAHNEMANN MEDICAL COLLEGE AND HOSPITAL OF PHILADELPHIA, Douglas Holsclaw, M.D., and Bonita Falkner, M.D.**

Civ. A. No. 76–2894.

United States District Court, E. D. Pennsylvania.

Dec. 16, 1976.

Martin Heller, Philadelphia, Pa., for plaintiff.

John J. Dautrich, Philadelphia, Pa., for hospital.

Daniel T. McWilliams, Philadelphia, Pa., for doctors.

MEMORANDUM AND ORDER

CAHN, District Judge.

This is a medical malpractice case, allegedly arising from improper treatment received by the plaintiff while under the defendants' care in Pennsylvania. Jurisdiction in this matter is based on diversity of citizenship (28 U.S.C. § 1332), and this court is obligated to apply the substantive law of the Commonwealth of Pennsylvania.

In addition to bringing suit in this court, the plaintiff has also brought an action pursuant to the Health Care Services Mal-

practice Act, 40 P.S. § 1301.101 *et seq.* That statute provides that the arbitration panel shall have original exclusive jurisdiction to hear and decide any claim for loss or damages brought by a patient or his representative. 40 P.S. § 1301.309. The arbitration statute requires that all medical malpractice claims initially be submitted to an arbitration board for resolution. In the event an appeal is taken after a final determination of the arbitration panel, the statutory scheme provides for a *de novo* trial. 40 P.S. § 1301.509.

The issue which confronts this court is whether a federal court has diversity jurisdiction over a cause of action temporarily barred in the state court by a compulsory arbitration statute.[1] This court concludes that there is a lack of jurisdiction in this instance under the letter and spirit of *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The *Erie* decision requires federal courts in a diversity case to apply the substantive law of the forum state and federal procedure. Subsequent decisions of the U. S. Supreme Court require that the question of whether a state law is procedural or substantive is to be decided by reference to the policies underlying the *Erie* rule and not by application of a rigid automatic formula. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). *Witherow v. Firestone Tire and Rubber Co.,* 530 F.2d 160, 164 (3d Cir. 1976), sets out the underlying policy considerations in the *Erie* case:

> [T]he prior practice resulted in forum shopping because federal courts could and did apply different substantive law from state courts in the same state. . . .
> The second policy consideration implicit in *Erie* was more fundamental: the application of disparate laws to identical claims depending solely on the diversity

of citizenship *vel non* of the parties 'introduced grave discrimination by non-citizens against citizens' and 'rendered impossible equal protection of the law.'
. . . Finally, *Erie* reflected judicial concern over the allocation of lawmaking authority between state and federal governments.

In applying these policy considerations the Supreme Court has held that *Erie R. Co. v. Tompkins, supra,* precluded maintenance in the federal courts of suits to which the state had closed its courts. *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). Numerous courts have gone one step further and held that, "the district court could not have had diversity jurisdiction unless the state court would also have had subject matter jurisdiction." *Hot Oil Service, Inc. v. Hall,* 366 F.2d 295 (9th Cir. 1966). *Accord, Anderson v. Moorer,* 372 F.2d 747 (5th Cir. 1967); *Morton v. Texas Welding & Mfg. Co.,* 408 F.Supp. 7 (S.D.Tex.1976); *Brown v. Texas & Pacific Railroad Company,* 392 F.Supp. 1120 (W.D.La.1975). In the case before this court, the Commonwealth of Pennsylvania has closed its state courts to this action at least until the arbitration proceeding required by law is completed. This court concludes that in furtherance of the underlying policies of *Erie,* it must find that it lacks jurisdiction over the present case until the compulsory arbitration proceedings are completed.

Consideration of the other policies underlying *Erie* further reinforces this conclusion. *Lummus Company v. Commonwealth Oil Refining Co.,* 195 F.Supp. 47 (S.D.N.Y. 1961), states that the essential analysis in an *Erie* decision to determine if a rule of law is substantive or procedural, is whether the application of federal as opposed to state law would alter the result of the

---

1. This court undertakes the determination of whether its jurisdiction is proper according to procedures set forth in Fed.R.Civ.P. 12(h)(3). This rule provides:
   Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

The possibility of this court's lack of jurisdiction has come to its attention by the motions of the parties concerning whether certain defenses should be stricken. Under rule 12(h)(3) this court is authorized to reach a conclusion as to whether jurisdiction is proper in this court at this time.

litigation. By statute, 40 P.S. § 1301.101 *et seq.*, Pennsylvania has attempted to deal with the medical malpractice crisis that confronts the Commonwealth and the nation. The Pennsylvania legislature has decided that compulsory arbitration may ameliorate this crisis. This court will not interfere with such expression of legislative intent. In discussing *Erie* policy considerations, the Third Circuit has said, "But certainly a concern for states' policies and prerogatives can never be out of place in a system of coordinate sovereignties—as a matter of prudence and comity if not as a matter of constitutional law." *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 164 (3d Cir. 1976). The major thrust of *Erie R. Co. v. Tompkins, supra,* was to avoid having the outcome of a case depend on whether it was brought in a state or federal court and to permit the state legislatures to define the substantive rights of their citizens.

The court dismisses the within case without prejudice.