432 F.Supp. 688 (1977)
Virginia Faye WELLS, Plaintiff,
v.
George McCARTHY, M. D., Defendant.
No. 77-50C(4).
United States District Court, E. D. Missouri, E. D.
June 14, 1977.
James F. Koester, St. Louis, Mo., for plaintiff.
Burton H. Shostak, Kramer, Chused, Shostak & Kohn, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon defendant's motion to dismiss plaintiff's complaint. On April 13, 1977, the Court ordered the parties to brief the issue raised by the motion to dismiss. Defendant has filed a brief in support; plaintiff has responded by letter advising the Court that a memorandum will not be filed "because of the simplicity of the issues involved".
Plaintiff brought this suit, pursuant to 28 U.S.C. § 1332, seeking to recover damages for alleged malpractice on the part of defendant doctor. Section 538.020, R.S.Mo. (1976) provides:
1. Before any action seeking damages from a professional alleging malpractice, errors, omissions or other professional negligence can be filed in any court within this state, the plaintiff in the action must have complied with the provisions of [this act] requiring a review of the claims upon which the action is based by a professional liability review board.
2. Prior to the filing of an action seeking damages from a professional alleging malpractice, . . . the claimant shall give written notice to the secretary . . .. The giving of the notices shall toll the running of the statutes of limitations until such time as the review board has completed its hearing, made its recommendations, and given the parties an opportunity to act thereon as provided [by this act].
Under the provisions of the act, no review board will be convened until July 1, 1977; because the effective date of the act is January 1, 1977, however, plaintiff would be able to file a notice with the Secretary, thus tolling the statute of limitations. Neither party is bound by the opinion of the review board; plaintiff may proceed to litigation regardless of the result reached.
The issue raised by defendant is whether this suit, based on diversity jurisdiction only, can proceed where plaintiff has not complied with the above statute.
*689 In Erie Railroad Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), the Court held that "[e]xcept in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State.". The Court later held that a federal court sitting in diversity is bound by the state statute of limitations, Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) and in so holding, commented:
The question is whether such a statute concerns merely the manner and the means by which a right to recover, as recognized by the State, is enforced, or whether such statutory limitation is a matter of substance in the aspect that alone is relevant to our problem, namely, does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court? Id. at 109, 65 S.Ct. at 1470.
In York, supra, the Court stated that it was the intent of Erie, supra, that "the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would if tried in a State court". Id. at 109, 65 S.Ct. at 1470.
In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the question presented was what acts in connection with the filing of a lawsuit were sufficient to toll the statute of limitations. In holding that the state rule must be followed, the Court noted:
Since that cause of action is created by local law, the measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. [citations omitted] It accrues and comes to an end when local law so declares. [citations omitted] Where local law qualifies or, abridges it, the federal court must follow suit. Id. at 533, 69 S.Ct. at 1235.
In subsequent cases, the Court has noted that the policy underlying the Erie doctrine is to eliminate discrimination against citizens of the state and to discourage forum-shopping. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Bernhardt v. Polygraphic Co., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956); Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949).
Had this suit been filed in state court, plaintiff's complaint would be dismissed for failure to comply with § 538.020. That same result should obtain when suit is filed in federal court. By virtue of the provisions of § 538.020, plaintiff's cause of action has not yet accrued and therefore this suit can not be maintained. Ragan, supra. Were this Court to hold otherwise, discrimination in favor of non-residents would result.
Accordingly, defendant's motion will be granted.