**Ellis Michael CLINE, etc., Plaintiff,**

v.

**Dr. A. T. RICHARDS, Defendant.**

**No. CIV–4–77–12.**

United States District Court,
E. D. Tennessee.

Jan. 18, 1978.

See also D.C., 455 F.Supp. 42.

---

3. To the extent the aforementioned recommendation of the magistrate is inconsistent here-

Norman D. Lane, Nashville, Tenn., John C. Bomar, Shelbyville, Tenn., and Ben T. Lampkin, Oklahoma City, Okl., for plaintiff.

Doyle E. Richardson, Tullahoma, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for damages for wrongful death from medical malpractice. The Court's original jurisdiction has been invoked on the basis of the diverse citizenship of the parties and the requisite amount in controversy. 28 U.S.C. § 1332(a)(1). "Where federal jurisdiction is based on diversity of citizenship [and the requisite amount in controversy], a federal court is in effect only another court of the state in which it sits and applies the same law that would be applied if the action were brought in the state courts." 36 C.J.S. Federal Courts § 165, p. 366(2), citing, *inter alia, Hanna v. Plumer* (1965), 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8.

Tennessee has placed upon the judges of its courts the mandatory obligation, T.C.A. § 23–3403(b), of referring pretrial all medical malpractice actions, T.C.A. § 23–3403(a), to a Tennessee medical malpractice review board. The parties hereto stipulated " * * * that they do not desire a hearing before the Tennessee Medical Malpractice Review Board and do hereby waive all rights to the [sic] such hearing."

"Any matter which involves the individual rights or obligations of the parties inter sese may properly be made the subject of a stipulation between them, provided the stipulation is not illegal, unreasonable, or against good morals or sound public policy, and does not interfere with the general * * * duties. * * * of the court." 83 C.J.S. Stipulations § 10a, p. 12. "The benefit of a statute * * * enacted for the protection of a party * * * may be

with, the same hereby is MODIFIED. 28 U.S.C. § 636(b)(1).

waived by stipulation where it is a matter of private right." 83 C.J.S., *supra*, § 10c, at 14.

Although the public generally in Tennessee has an interest in the facilitation of disposition of litigation in all lawsuits between all parties in its courts, the provisions of the Tennessee Medical Malpractice Review Board and Claims Act of 1975 deal with such litigation between litigants who are claimants, patients and health care providers. *Cf.* T.C.A. § 23–3402(2), (3), (4). The " * * * sole purpose * * * " of the establishment by Tennessee of a medical malpractice review board in each of its three grand divisions was " * * * to facilitate the disposition of all medical malpractice actions. * * * " T.C.A. § 23–3403(a), *supra*. This could affect only the facilitation of the disposition of particular medical malpractice actions in which certain litigants are involved and may be said rationally to be for their mutual benefits. By like token, the duty placed upon its judges by Tennessee to refer all medical malpractice actions to a review board could only relate to the statutory purpose of facilitating their disposition.

It follows logically that, if the parties are in agreement that the reference by the Court of a medical malpractice action will not serve that end purpose, they may so stipulate and render redundant the reference of the matter for board review. In this situation, the Court finds that the governing statute involved the individual rights and obligations of the parties inter sese which were properly made the subject of a waiving stipulation between them, and that, in this instance, there was no interference with the statutory duty of this Court.

For such reason, the Court is entering an order predicated upon such stipulation for this action to proceed to pretrial conference, trial and disposition without the usual reference.