Amy SANDER et al., Plaintiffs,

v.

PROVIDENCE HOSPITAL et al., Defendants.

No. C–1–79–179.

United States District Court, S. D. Ohio, W. D.

Aug. 13, 1979.

James R. Hartke, Cincinnati, Ohio, for plaintiffs.

the court, and not Mr. Haddix, should determine the appropriate hourly rate for Mr. Hodge.

Frank C. Woodside, III, Cincinnati, Ohio, for Providence Hospital.

David H. Schneider, Milford, Ohio, for Industrial Health Services and George Spencer-Green.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on the motion of defendant Providence Hospital to refer this matter to arbitration pursuant to O.R.C. § 2711.21.

This is an action alleging medical malpractice against Dr. George Spencer-Green, Industrial Health Services, his employer, and the Providence Hospital in whose emergency room the alleged malpractice occurred. The allegations of the complaint clearly constitute a "medical claim" as the same is defined in Section 2305.11 of the Ohio Revised Code. Ohio Revised Code, Section 2711.21 provides in part as follows:

Upon the filing of any medical claim . . . the controversy *shall* be submitted to an arbitration board consisting of three arbitrators to be named by the court . . . (emphasis added).

 The requirement that a United States District Court sitting in the state of Ohio follow the statutes of Ohio must turn upon whether or not such statutes are "procedural" or "substantive." An examination of the applicable authorities has convinced this court that Section 2711.21 is substantive and the mandatory language therein is binding upon this Court.

Every analysis of this question must begin with *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Erie* established a "substance vs. procedure" test in determining whether or not there should be an application of state as opposed to federal law. The Court in *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945) stated:

The question is . . . does it significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court.

In a subsequent case the Supreme Court, in discussing the *Erie* concept, referred to "a discouragement of forum shopping and the avoidance of inequitable administration of the laws" as the rationale for the earlier decision. *Hanna v. Plumer,* 380 U.S. 460, at 468, 85 S.Ct. 1136, 1142, 14 L.Ed.2d 8.

Whether the determination be based upon the material difference of litigation or upon forum shopping, it is clear that the mandatory provisions of § 2711.21 would materially affect the outcome of litigation and would induce forum shopping if it were not equally applied in both the state and federal courts.

So far as the research of the litigants and that of the Court has disclosed, this is a question of first impression in this district and one in which the guidance of the United States Court of Appeals for the Sixth Circuit is lacking. Six district courts and one circuit court have considered the problem and all but one have reached the same decision that this Court now reaches. Revised Code § 2711.21 is substantive law of Ohio and it is binding upon this Court in this case. Support for that view may be found in the following jurisdictions: United States Court of Appeals for the Fifth Circuit in *Wood v. Holy Cross Hospital,* 591 F.2d 1164 (1969); United States District Court for the Eastern District of Missouri in *Wells v. McCarthy,* 432 F.Supp. 688 (1977); the United States District Court for the Eastern District of Pennsylvania in *Marquez v. Hahnemann Medical College and Hospital of Philadelphia,* 435 F.Supp. 972 (1976); the United States District Court for the District of Massachusetts in *Byrnes v. Kirby,* 453 F.Supp. 1014 (1978); the Eastern District of Tennessee in *Flotemersch v. Bedford County Hospital,* 69 F.R.D. 556 (1975), and in *Cline v. Richards,* 455 F.Supp. 45 (1978); United States District Court for the District of Maryland in *Davison v. Sinai Hospital of Baltimore, Inc.,* 462 F.Supp. 778 (1978). The sole exception to the foregoing unanimity of opinion is a decision in the United States District Court for the District of Rhode Island, *Wheeler v. Shoemaker,* 78

F.R.D. 218 (1978). An examination of *Wheeler v. Shoemaker* indicates at once that the Rhode Island statute in question is materially different from that of the state of Ohio. The district judge made the following comment: "Because the Rhode Island panel is appointed by the state court and incorporated into its proceedings, characterization of the instant review provisions as a condition precedent to suit is inapposite." *Wheeler v. Shoemaker, supra,* at 221.

It was the determination of the Rhode Island judge that "The panel operate essentially as an adjunct of the superior courts. All tort or contract actions for medical malpractice are filed initially in the appropriate superior court and immediately referred to the medical liability mediation panel . . . The presiding justice of the superior court appoints to the panel a 'special master' from a rotating panel of masters also appointed by the justice. He also selects an attorney from a list submitted by the state bar association. A physician selected at random from a list supplied by the state medical association completes the panel." *Wheeler v. Shoemaker, supra,* at 219.

In contrast to the Rhode Island statute, the Ohio statute does not require any action by any state court. It merely requires the appointment of a panel, one member designated by the plaintiff, one designated by the defendant, and "a person designated by the court. The person designated by the court shall serve as the chairman of the board. . . ."

Perhaps the best and simplest analysis of the problem may be found in 36 C.J.S. Federal Courts ¶ 165(2), p. 332.

> Where federal jurisdiction is based on diversity of citizenship [and a requisite amount in controversy], a federal court is in effect only another court of the state in which it sits and applies the same law that would be applied if the action were brought in the state courts.

Citing *Hanna v. Plumer, supra.*

In view of the foregoing, the motion of defendant Providence Hospital is hereby GRANTED. Plaintiff and defendants are each directed to designate a person to sit upon the arbitration board. Such designation shall be in writing and addressed to the Court on or before August 24, 1979.

It is so ORDERED.