**GUTHRIE COUNTY BOARD OF SUPERVISORS, Appellee,**

v.

**FREVERT–RAMSEY–KOBES, ARCHITECTS–ENGINEERS, INC., Appellant,**

and

**Smithson Electric and General Construction, Inc., and Frank Pulley and Associates, Inc., Defendants.**

**No. 88–165.**

Supreme Court of Iowa.

Nov. 23, 1988.

Michael D. Huppert of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellant.

Michael R. Mundt of Franck, Mundt, Nepper & Franck, Dennison, for appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, SNELL and ANDREASEN, JJ.

SCHULTZ, Justice.

We must resolve what the effective date is of Iowa Code section 668.11 (1987) which states the time period for designation of expert witnesses. This statute was adopted as a part of the 1986 Iowa Acts, chapter 1211. Section 47 of this chapter, the effective date provision, provides:

> This Act, being deemed of immediate importance, takes effect from and after its publication ..., and unless otherwise specifically provided, *applies to all cases filed on or after July 1, 1986.*

(Emphasis added.) The trial court held that the statute's effective date was June

8, 1986, when publication had been completed, rather than July 1, 1986. We disagree and reverse.

The Guthrie County Board of Supervisors (board) was dissatisfied with the construction of an addition to a county building. The board sued the architectural firm of Frevert–Ramsey–Kobes Architect–Engineers, Inc. (architects) for negligence in the administration of the construction contract. The board also sued other defendants whose claims are not involved in this appeal.

The board's lawsuit against the architects was filed on June 11, 1986. During the pre-trial procedures, the architects designated an expert witness whom they intended to call. The board moved to exclude the testimony because designation of the witness was untimely under section 668.11. The architects claim that section 668.11 does not apply to this action because it was commenced prior to the July 1, 1986 effective date.

The architect's duty to make an early disclosure of expert witnesses depends on the effective date of section 668.11. Prior to the enactment of this section, there was no requirement in a professional liability case that the parties disclose and certify, at a particular time, the expert witnesses whom they intended to call at trial. The old law remains in full force until the new law takes effect. *Butters v. City of Des Moines*, 202 Iowa 30, 33, 209 N.W. 401 (1926).

When a newly enacted law takes effect depends upon the legislature's action. Laws enacted by the general assembly generally become effective on July 1, following their passage. Iowa Constitution, article III, § 26; Iowa Code § 3.7 (1985). However, the legislature may specify a different time within the act or, if it deems the law to be of immediate importance, may provide that it shall take effect by publication. *Id.* We therefore must determine whether the legislature, in enacting section 47, intended section 668.11 to become effective at the time of publication or on July 1.

We believe section 47 is ambiguous. First, its language indicates that the Act takes effect after publication, then provides that it applies to all cases filed on or after July 1. Statutory construction is properly invoked when a statute contains such ambiguities that reasonable minds may disagree or be uncertain as to the meaning. *Janson v. Fulton*, 162 N.W.2d 438, 443 (Iowa 1968) (citations omitted).

The ultimate goal in interpreting statutes is to determine the legislative intent. We must examine both the language used and the purpose for which the provision was enacted, considering all parts together without giving undue importance to an isolated portion. *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969).

When we look to the Act as a whole, its application to section 668.11 becomes apparent. Chapter 1211 provides new legislation for a wide assortment of problems relating to liability and liability insurance. For example, the first sections of chapter 1211 do not specifically apply to litigation but cover programs for management of loss, market assistance for insurance acquisition and bonding of state employees. Section 40 of the Act, codified as Iowa Code section 686.11, mandates litigation procedures. The legislature clearly was referring to litigation when it provided that this Act "applies to all cases filed on or after July 1, 1986." The plain meaning of this clause therefore indicates the effective date for portions of the Act applying to litigation is July 1, rather than the publication date.

Another principle of statutory construction arrives at the same conclusion. A statute should not be construed so as to make any part of it superfluous unless no other construction is reasonably possible. *Iowa Auto Dealers Ass'n v. Iowa Dep't of Revenue*, 301 N.W.2d 760, 765 (Iowa 1981) (citing *Hanover Ins. Co. v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978)). Applying this principle, if we adopted the trial court's interpretation that the statute is effective after publication, the language that it "applies to all cases filed on or after July 1, 1986" would be superfluous.

We also believe that our previous case, *Barad v. Jefferson County*, 178 N.W.2d

376 (Iowa 1970), bears a substantial similarity to this case. In *Barad*, the language of the Act involved stated:

This Act, being deemed of immediate importance, shall be in full force and effect on January 1, 1968 after its passage and publication in (two newspapers).

*Id.* at 378. We held January 1 to be the effective date, reasoning that section 26 of the Iowa Constitution mandates that laws shall take effect *by* publication and not *on* publication, thus allowing the legislature to choose an intermediate effective date. *Id.* at 379. This promotes the legislative intent of providing preparation time for the public as it has done in other legislation. *Id.* As in *Barad*, we believe the legislature has picked a specific effective date other than the publication date.

In summary, we disagree with the trial court's determination that section 668.11 applies to this case. Consequently, we reverse the trial court's ruling excluding the testimony of the architect's expert witness.

We have also considered appellant's request to impose sanctions against the appellee and find no merit in this claim.

REVERSED AND REMANDED.