Donald THOMAS, and Gloria
Thomas, Appellants,

v.

Joe F. FELLOWS, Appellee.

No. 89–1016.

Supreme Court of Iowa.

May 23, 1990.

Jane A. Harlan, Newton, for appellants.

Glenn Goodwin of Duncan, Jones, Riley & Finley, P.C., Des Moines, for appellee.

Considered by LARSON, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LARSON, Justice.

This is a medical malpractice case in which the plaintiffs, Donald Thomas and Gloria Thomas, failed to designate expert witnesses within the time required by Iowa Code section 668.11 (1987). Pursuant to the sanction provisions of that statute, the court entered an order denying introduction of expert evidence. The court then granted summary judgment for the defendant on the ground that the alleged medical malpractice was of a highly technical nature, and the case could therefore not be pursued without expert evidence. *See Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989). On the plaintiffs' appeal, we affirm.

Iowa Code section 668.11 (1987) provides:

Disclosure of expert witnesses in liability cases involving licensed professionals.

1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:

*a.* The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.

*b.* The defendant within ninety days of plaintiff's certification.

2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

3. This section does not apply to court appointed experts or to rebuttal experts called with the approval of the court.

I. In *Donovan*, 445 N.W.2d at 766, we discussed the provisions of section 668.11 which allow a court to grant extensions of time to file the designation of experts and concluded that it was a matter of discretion with the district court. At oral argument on this appeal, the plaintiffs raised for the first time a contention that the district court abused its discretion in denying their request for an extension of time to file a designation of experts.

The plaintiffs' failure to raise the issue of abuse of discretion in their appeal brief could be deemed to waive the issue. *See* Iowa R.App.P. 14(a)(3). Even if we were to consider the argument not waived, we would find no merit in it. The district court's discretion is broad, and we will not interfere unless that discretion was based on clearly untenable grounds or to an extent clearly unreasonable. *Donovan*, 445 N.W.2d at 766. Here, the plaintiffs' principal contention is that their attorney was unaware of the designation requirements of section 668.11 because this statutory

provision is not located in our rules of civil procedure governing discovery.

■ Good cause under section 668.11 must be "more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect." *Donovan*, 445 N.W.2d at 766 (quoting *Dealers Warehouse Co. v. Wahl & Assocs.*, 216 N.W.2d 391, 394 (Iowa 1974)). Section 668.11 had been in effect for over two years when the defendant moved to exclude expert testimony, and the district court would have been well within its discretion to reject the plaintiffs' excuse as good cause.

■ II. The plaintiffs also raise issues of the constitutionality of section 668.11 on equal protection and due process grounds. Those issues were raised on the appeal in *Donovan*, but we declined to address them because error had not been preserved. 445 N.W.2d at 767.

The plaintiffs first contend that section 668.11 denies them the equal protection guaranteed by "the constitution." We assume that they refer to both the United States Constitution and the Iowa Constitution, although they do not say.

The first question we must resolve is what level of scrutiny must be applied. The plaintiffs say this is a matter of access to the courts, a fundamental right requiring strict scrutiny. *Koppes v. Pearson*, 384 N.W.2d 381 (Iowa 1986), involved an analogous question of whether a strict scrutiny test must be applied to a special statute of limitations in medical malpractice cases. We said:

> Plaintiffs ask us to strike down the medical malpractice statute as both facially and in their specific case violative of the equal protection clauses of the federal and Iowa Constitutions.... They first urge us to apply a strict scrutiny test on the theory that the statute deprives them of a fundamental right of reasonable access to court. We apply instead the traditional rational basis test for the reasons articulated in *Argenta v. City of Newton*, 382 N.W.2d 457 (Iowa 1986), and *Rudolph v. Iowa Methodist Medical Center*, 293 N.W.2d 550, 557 (Iowa 1980).

> Statutes of limitation do not implicate or affect fundamental rights..

*Id.* at 384 (citation omitted).

We believe that section 668.11 does not abridge the plaintiffs' right of access to the courts; it merely establishes reasonable procedural requirements in the exercise of that right. We therefore reject the plaintiffs' strict scrutiny argument and apply the traditional "rational basis" test. *See Koppes*, 384 N.W.2d at 384.

Under the "rational basis" test,

> a legislative classification is upheld if any conceivable state of facts reasonably justify it. Additionally, the guarantee of equal protection does not exact uniformity of procedure. The legislature may classify litigants and adopt certain procedures for one class and different procedures for other classes, so long as the classification is reasonable. All that is required is that similarly situated litigants be treated equally.

*Bishop v. Eastern Allamakee Community School Dist.*, 346 N.W.2d 500, 505 (Iowa 1984) (citations omitted).

■ The plaintiffs in this case claim that section 668.11 cannot withstand equal protection scrutiny, even under a rational basis analysis, because it bears no rational relationship to a legitimate state interest. *See Parham v. Hughes*, 441 U.S. 347, 353, 99 S.Ct. 1742, 1746, 60 L.Ed.2d 269, 275–76 (1979). They argue that "[t]here is no legitimate state purpose in treating civil litigants differently in one class of civil actions as compared to all other civil litigants. There is a strong public policy in favor of allowing trials of actions on their merits." But the plaintiffs must go beyond mere conclusions about the constitutionality of the statute; they must negate every reasonable basis on which the classification may be sustained. *Moritz v. Farm Bureau Mut. Ins. Co.*, 434 N.W.2d 624, 626–27 (Iowa 1989).

In *Guthrie County Supervisors v. Frevert–Ramsey–Kobes, Architects–Engineers, Inc.*, 431 N.W.2d 768 (Iowa 1988), we discussed section 668.11 in the analogous context of an architect's liability. We noted that the purpose of the statute was

to deal with a wide assortment of problems relating to liability and liability insurance. *Id.* at 771. We believe that the same rational applies here; the problems surrounding medical liability, liability insurance, and the attendant availability and cost of medical services to the public are, at least arguably, rational reasons for the enactment of the expert witness designation requirements of section 668.11.

As we observed in *Donovan,* many medical malpractice cases are of such a highly technical nature that they may not even be submitted to the fact finder if there is no expert medical testimony to support the claims. *Donovan,* 445 N.W.2d at 766. *See also Forsmark v. State,* 349 N.W.2d 763, 768 (Iowa 1984). This is such a case. Early disposition of potential nuisances cases, and those which must ultimately be dismissed for lack of expert testimony, would presumably have a positive impact on the cost and availability of medical services. This is one plausible basis for the requirement of witness designation, and there are possibly others. The plaintiffs have not attempted to negate this, or any other, possible basis for the statute, *Moritz,* 434 N.W.2d at 626–27, and their equal protection argument must therefore be rejected.

As to the plaintiffs' due process argument, they complain that the court's summary judgment "deprived plaintiffs of their due process rights because there was no opportunity to be heard before their action was dismissed." There is a strong presumption of constitutionality of statutes. *Koppes,* 384 N.W.2d at 385. Here, the plaintiffs were not denied a hearing; their case was not dismissed until after the hearing on the motion for summary judgment. As to that hearing, they had notice and an opportunity to resist. The plaintiffs also had ample opportunity to comply with the statute which, as previously noted, had been on the books for over two years.

We do not agree with the plaintiffs that section 668.11 was a "trap for the unwary." It is, rather, a procedure for the orderly and expeditious handling of malpractice litigation. Dismissal of the plaintiffs' case was not a denial of due process;

it was merely the result of the plaintiffs' failure to abide by the clear requirements of the statute. We find no merit in the plaintiffs' due process argument.

AFFIRMED.