**Tony KUBIK, Plaintiff–Appellant,**

v.

**Nancy BURK, Defendant–Appellee.**

No. 94–540.

Court of Appeals of Iowa.

Sept. 22, 1995.

Tony Kubik, Traer, pro se.

Brent B. Green and Maria Thinnes Culver of Duncan, Green, Brown, Langeness & Eckley, Des Moines, for appellee.

Considered by SACKETT, P.J., and HABHAB and CADY, JJ.

HABHAB, Judge.

Tony Kubik brought this legal malpractice action against his former attorney, Nancy Burk. Burk represented Kubik in criminal proceedings against him. In January 1992, Kubik was charged, by trial information, with four counts of theft in the first degree and two counts of theft in the second degree.

According to the minutes of testimony, Kubik was given power of attorney over his mother, Eleanor Kubik. The State alleged Kubik had used the power of attorney to obtain Eleanor's funds for his own use. The minutes show Kubik admitted several times he had taken the money. He stated he meant to pay the money back, but never had sufficient funds.

On March 3, 1992, Kubik entered a plea of guilty to one charge of theft in the second degree. Kubik signed the plea agreement, which provided:

> I have retained an attorney at my own expense, namely Nancy L. Burk of Toledo, Iowa, with whom I am satisfied and by whom I have been advised of my CONSTITUTIONAL and STATUTORY RIGHTS, and whom I authorize to act in my behalf.

The plea agreement also specified the constitutional rights Kubik was waiving. Furthermore, the plea agreement set forth the maximum sentence for the crime of theft in the second degree. The State agreed to dismiss the other five charges against Kubik. The district court sentenced him to a term of imprisonment not to exceed five years.

Kubik asked Burk to file a motion to reconsider the sentence and to appeal. Burk told Kubik he would have to pay her for work already performed before she would take further action on his behalf. Kubik decided to file a pro se motion to reconsider, which was denied. He did not appeal the sentence.

On June 11, 1993, Kubik filed a pro se legal malpractice action against Burk. He claimed Burk failed to exercise due care in rendering service to him. He alleged Burk was negligent in: (1) not explaining to him he was waiving his constitutional rights by signing the plea agreement; (2) telling him the wrong date for the sentencing hearing; (3) the way she conducted his defense at the sentencing hearing; (4) not filing an appeal or a motion to reconsider the sentence on his behalf; and (5) advising him to plead guilty when he was not actually guilty of theft. Kubik sought compensatory and punitive damages.

On August 24, 1993, in his answers to interrogatories, Kubik stated he had no expert witness he intended to call at trial. In November 1993 Kubik signed a stipulation of agreement for trial schedule in which he agreed to designate any experts by December 31, 1993.

On February 21, 1994, Burk filed a motion for summary judgment. She claimed Kubik had failed to comply with Iowa Code section 668.11, which provides:

1. A party in a professional liability case brought against a licensed professional pursuant to this chapter who intends to call an expert witness of their own selection, shall certify to the court and all other parties the expert's name, qualifications and the purpose for calling the expert within the following time period:

a. The plaintiff within one hundred eighty days of the defendant's answer unless the court for good cause not ex parte extends the time of disclosure.

\* \* \* \* \* \*

2. If a party fails to disclose an expert pursuant to subsection 1 or does not make the expert available for discovery, the expert shall be prohibited from testifying in the action unless leave for the expert's testimony is given by the court for good cause shown.

Burk alleged Kubik would not be able to present the testimony of an expert witness because he had not designated an expert within 180 days after Burk filed her answer. Under section 668.11, Kubik needed to designate an expert by January 24, 1994. She argued Kubik needed an expert witness in order to show the applicable standard of care in this case. She stated that because he would not be able to present expert testimony, he would be unable to prove his case and summary judgment was proper.

Kubik filed a motion for extension of time in which to identify an expert. He claimed he had been unaware of the requirements of section 668.11. He stated he was having difficulty in obtaining an expert because he was representing himself, but it was vital and necessary that he obtain an expert to testify at trial. Kubik additionally filed a resistance to the motion for summary judgment in which he stated he had not been trained in the law and he was not aware of the need to identify an expert within 180 days of Burk's answer.

The district court found Kubik had not shown good cause to extend the time to disclose an expert under section 668.11. The court found Kubik had been aware of the need to designate an expert due to his answers to interrogatories and the stipulation regarding the trial schedule. The court granted the motion for summary judgment. Kubik appealed.

**I.** Under Iowa Rule of Civil Procedure 237, summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. On appeal of a summary judgment ruling, we must decide whether a genuine issue of material fact exists and if the law was correctly applied. *Ottumwa Housing Authority v. State Farm Fire & Casualty Co.*, 495 N.W.2d 723, 726 (Iowa 1993).

The party moving for summary judgment has the burden of showing the

nonexistence of a genuine issue of material fact. *Hofco, Inc. v. National Union Fire Ins. Co.,* 482 N.W.2d 397, 400 (Iowa 1992). The resisting party should be afforded every legitimate inference that can reasonably be deduced from the evidence. *Id.* A fact question is generated if reasonable minds could differ on how the issue should be resolved. *Hoefer v. Wisconsin Educ. Ass'n Trust,* 470 N.W.2d 336, 338 (Iowa 1991).

■ II. Kubik argues section 668.11 should not apply in this case. He states he relied on Iowa Rule of Civil Procedure 136(b), which does not set any specific time limits for designating experts. He states that because he was a pro se litigant and untrained in the law, the fact he relied on rule 136(b) should constitute good cause for his failure to comply with section 668.11.

■ The district court has broad discretion in ruling on the issue of whether good cause has been shown.[1] *Hantsbarger v. Coffin,* 501 N.W.2d 501, 505 (Iowa 1993). The exercise of discretion will ordinarily not be disturbed unless it was exercised on clearly untenable grounds or to an extent clearly unreasonable. *Id.*

Our supreme court in *Hantsbarger* stated:

We next look to the objectives of section 668.11. We have previously stated that the legislative intent for establishing deadlines in professional liability actions was to provide certainty about the identity of experts and prevent last minute dismissals when an expert cannot be found. *Cox v. Jones,* 470 N.W.2d 23, 25–26 (Iowa 1991). We have also stated:

Early disposition of potential nuisances cases, and those which must ultimately be dismissed for lack of expert testimony, would presumably have a positive impact on the cost and availability of medical services.

*Thomas v. Fellows,* 456 N.W.2d 170, 173 (Iowa 1990). Section 668.11 is designed to require a plaintiff to have his or her proof prepared at an early stage in the litigation in order that the professional does not

have to spend time, effort and expense in defending a frivolous action.

*Hantsbarger,* 501 N.W.2d at 504.

■ We do not utilize a deferential standard when persons choose to represent themselves. *Metropolitan Jacobson Development Venture v. Board of Review,* 476 N.W.2d 726, 729 (Iowa App.1991). The law does not judge by two standards, one for lawyers and another for lay persons. *Id.* Rather, all are expected to act with equal competence. *Id.* If lay persons choose to proceed pro se, they do so at their own risk. *Id.*

In *Thomas v. Fellows,* 456 N.W.2d 170, 171–172 (Iowa 1990), plaintiffs sought to show good cause for failing to comply with section 668.11 by arguing that their attorney was unaware of the designation requirements of section 668.11 because it is not in the rules of civil procedure governing discovery. The supreme court found plaintiffs had failed to show good cause. *Id.* at 172. Good cause under section 668.11 must be more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. *Id.*

We conclude the district court acted well within its discretion in finding Kubik had failed to show good cause for failing to comply with section 668.11. A claim that an attorney was unaware of section 668.11 has not been accepted as a sufficient good cause for failing to comply with that section. *Id.* We cannot treat Kubik, as a pro se litigant, any differently.

■ III. Kubik contends the district court erred in granting summary judgment to Burk. He states he should have been permitted to proceed with his case without an expert. Kubik believes Burk's negligence was so obvious and outrageous a layperson could understand it without the assistance of an expert.

■ We agree with Mr. Kubik that a lawyer has a duty to his client to exercise ordinary care in handling the client's work. *Baker v. Beal,* 225 N.W.2d 106, 112 (Iowa

---

1. *See Thomas v. Fellows,* 456 N.W.2d 170 (Iowa 1990), where our supreme court stated, "The plaintiff's failure to raise the issue of abuse of discretion in his appeal brief could be deemed to waive the issue. See Iowa R.App.P. 14(a)(3)." Like in *Thomas,* we will address the issue.

1975). The lawyer is obligated to use the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession in similar circumstances. *Kurtenbach v. TeKippe*, 260 N.W.2d 53 (Iowa 1977). But, in order to establish a prima facie claim of legal malpractice, plaintiff must still introduce substantial evidence that shows: (1) the existence of an attorney-client relationship giving rise to a duty; (2) the attorney, either by an act or failure to act, violated or breached that duty; (3) the attorney's breach of duty proximately caused injury to the client; and (4) the client sustained actual injury, loss, or damages. *Schmitz v. Crotty*, 528 N.W.2d 112, 115 (Iowa 1995). In this respect, an attorney breaches the duty of care owed to the client when the attorney fails to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the task which is undertaken. *Vande Kop v. McGill*, 528 N.W.2d 609, 611 (Iowa 1995).

Our supreme court in *Cox v. Jones*, 470 N.W.2d 23 (Iowa 1991), stated:

> Plaintiffs contend that the trial court erred in sustaining defendants' motion for summary judgment. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. [Citation.] In this case, the issue becomes "not whether there was *negligence* in the actions of the defendant but whether there was *evidence* upon which liability could be found." [Citation.] Our task is to determine whether any evidence in the summary judgment record enables plaintiffs to establish the applicable standards of care, and defendants' breach of those standards. [Citation.]

*Cox*, 470 N.W.2d at 26. (emphasis in original)

■ Expert testimony that an attorney's conduct is negligent is necessary unless proof is so clear a trial court can rule as a matter of law that the professional failed to meet an applicable standard or the conduct claimed to be negligent is so clear it can be recognized or inferred by a person who is not an attor-

ney. *Benton v. Nelsen*, 502 N.W.2d 288, 290 (Iowa App.1993) (*citing Martinson Mfg. Co. v. Seery*, 351 N.W.2d 772, 775 (Iowa 1984). We cannot say from the competent material before us that as a matter of law the defendant failed to meet an applicable standard nor can we say that the defendant's conduct which is claimed to be negligent is so clear it can be recognized or inferred by a person who is not an attorney.

Kubik's petition alleges Burk was negligent while performing professional activities. He asserts the defendant committed "malpractice" and that such malpractice was the direct cause of his complaint and damages. He further asserts, among other allegations, the defendant violated the code of professional ethics, that she failed to perform her "duty", and that there was a "departure or deviation from the usual or customary practice within the legal profession."

Like in *Cox*, the issue now becomes not whether there was negligence in the actions of the defendant, but whether there was evidence upon which liability could be found. We must determine whether any evidence in the summary judgment record enables plaintiff to establish the applicable standards of care and defendant's breach of those standards. We find none.

Plaintiff contends that even in the absence of expert testimony, material issues of fact remain that could be determined by a lay jury. From our review of the summary judgment record, we conclude that those issues raised by the plaintiff are beyond the common knowledge of laypersons and require expert evidence and are not appropriate for jury determination.

■ Summary judgment may be appropriate in an instance in which expert testimony is required to establish negligence and expert testimony is unavailable, because there is then no genuine issue of fact which can be proved. *Kennis v. Mercy Hospital Medical Center*, 491 N.W.2d 161, 167 (Iowa

1992). We conclude summary judgment is appropriate here because plaintiff is unable to present the testimony of an expert witness.

We affirm the decision of the district court granting summary judgment to defendant. Costs of this appeal are assessed to plaintiff.

**AFFIRMED.**