# IN THE COURT OF APPEALS OF IOWA

No. 17-0778
Filed May 2, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**SHAWN TIMOTHY LEE,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

     The defendant appeals from his convictions and sentences for sexual abuse in the second degree and two counts of lascivious acts with a child. **CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

     Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

     Shawn Timothy Lee, Coralville, pro se.

     Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

     Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Shawn Lee appeals his convictions and sentences for sexual abuse in the second degree and two counts of lascivious acts with a child. On appeal, Lee maintains there was insufficient evidence to support his one of his convictions for lascivious acts with a child and the district court abused its discretion when it declined to permit him to question the complaining witness about her prior use of drugs and alcohol. He also maintains the district court abused its discretion when it imposed consecutive sentences and argues the imposition of the section 911.2B surcharge constituted a violation of the Ex Post Facto Clause.

**I. Background Proceedings.**

Lee was charged by trial information in October 2016. It was alleged in count I that between January 2006 and June 2013, Lee had committed a sex act upon the complaining witness, his daughter, who was under the age of twelve when the sex act occurred. It was alleged in counts II and III that Lee had fondled or touched the pubes or genitals of the complaining witness and that he had also made the witness fondle or touch his pubes or genitals.

Lee entered a plea of not guilty, and the matter proceeded to trial in March 2017. The jury found Lee guilty as charged.

Lee was later sentenced to twenty-five years for the sexual-abuse-in-the-second-degree conviction and ten years for each of his lascivious-acts-with-a-child convictions. The court ordered the sentences to be served consecutively, effectively sentencing Lee to a term of incarceration not to exceed forty-five years.

Lee appeals.

## II. Discussion.

### A. Substantial Evidence.

Lee maintains there was insufficient evidence to support the jury's verdict on count III, one of the counts of lascivious acts with a child[1] because there was no evidence he made the complaining witness touch or fondle his pubes or genitalia. More specifically, Lee maintains the evidence of the offense is insufficient because the complaining witness's testimony—which was the only evidence of the offense—did not specify what she was touching when he would put her hand in his pants; she testified, "He would grab my hand, and he would put it in his pants and make me move it up and down." He also argues, alternatively, that if his trial counsel's motion for judgment of acquittal did not preserve this argument, he received ineffective assistance of counsel.

Although the State does not dispute that error was preserved as to count III, based on our review of the record, we determine error was not preserved. *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005) ("[W]hen the motion for judgment of acquittal did not make reference to the specific elements of the crime on which the evidence was claimed to be insufficient, it did not preserve the sufficiency of the evidence issue for review."); *see also State v. Alberts*, 722 N.W.2d 402, 406

---

[1] Through appellate counsel, Lee raises the argument there was insufficient evidence to prove he forced the child to touch or fondle his pubes or genitals under count III. In his pro se appellate brief, Lee maintains in the heading that there is insufficient evidence to support any of his convictions. However, Lee has mostly just copied his appellate counsel's brief and has failed to make specific arguments about counts I and II. We do not consider Lee's claim about these two counts further. *See Soo Line R.R. v. Iowa Dep't of Transp.*, 521 N.W.2d 685, 691 (Iowa 1994) ("[Appellant's] random mention of an issue, without analysis, argument or supporting authority is insufficient to prompt an appellate court's consideration."); *see also Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) ("We do not utilize a deferential standard when persons choose to represent themselves. The law does not judge by two standards, one for lawyers and another for lay persons.").

(Iowa 2006) (finding it "proper to analyze whether [an issue] was properly preserved for our review" where the State "conceded the error was preserved"). Regarding the offense in question, trial counsel argued as follows in support of the motion for judgment of acquittal:

> [T]he State would have to prove that Shawn Lee caused [the complaining witness] to fondle or touch the pubes or genitals of Shawn Lee. And, again, for the same reasons, [the complaining witness] by her own admission has made allegations and recanted those. And we would ask that the Court find that those charges are not satisfactory to go to the jury.

As we understand this argument, it is a claim that the complaining witness's testimony is not credible, as she had made similar allegations and recanted them at previous times in her life. The court appeared to understand the argument the same way, denying Lee's motion because "[w]hile there [we]re conflicts in the evidence, including but not limited to the inconsistent statements of [the complaining witness], those conflicts will need to be resolved by the trier of fact as a matter of fact and cannot be resolved by th[e] court . . . as a matter of law." Thus, the exception to the error-preservation rule does not apply here. *See id.* ("[W]e recognize an exception to the general error-preservation rule when the record indicates that the grounds for a motion were obvious and understood by the trial court and counsel.").

Because we find error was not preserved, we consider Lee's claim under the framework for ineffective assistance of counsel. "A claim of ineffective assistance of trial counsel based on the failure of counsel to raise a claim of insufficient evidence to support a conviction is a matter that normally can be decided on direct appeal." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004).

If the record "fails to reveal substantial evidence to support the conviction[], counsel was ineffective for failing to properly raise the issue and prejudice resulted." *Id.* "On the other hand, if the record reveals substantial evidence, counsel's failure to raise the claim of error could not be prejudicial." *Id.*

In determining whether substantial evidence supports the conviction, "'[w]e view the evidence in the light most favorable to the verdict,' including all reasonable inferences that may be deduced from the record." *Id.* at 615 (alteration in original) (citation omitted). While we recognize the inner thigh and groin are different than the "pubes or genitalia," *see State v. Alvarado*, 875 N.W.2d 713, 717 (Iowa 2016), the court could reasonably conclude the complaining witness meant Lee placed her hand on his penis when she testified that Lee would "grab [her] hand," "put it in his pants," and "make [her] move it up and down." Thus, Lee was not prejudiced by counsel's failure to raise this claim of error with the district court.

### B. Evidentiary Ruling.

Lee maintains the district court abused its discretion when it prevented him from questioning the complaining witness, who had lived with him, about her prior drug and alcohol use. Lee argues the evidence was relevant because the witness's use of drugs and alcohol, and her inability to do so in Lee's home, gave her motive to fabricate the allegations of sexual abuse so that she would be allowed to move in with her brother. On appeal, Lee claims "[t]he purpose of this evidence was not to sully [the complaining witness's] character, but to give the jury a reason to question the timing of [her] allegations."

We review the district court's evidentiary rulings for an abuse of discretion. *State v. Rodriguez*, 636 N.W.2d 234, 239 (Iowa 2001).

In an offer of proof Lee made before the court, the complaining witness testified as follows:

> Q. [Complaining witness], I asked you about a period of time that you live with [Lee]. Okay? A. Yes.
> Q. That's the time frame I'm talking about. And during that—when you lived with [Lee], there was a point that you did not want to live him anymore; right? A. Yes.
> . . . .
> Q. And during that time were you using alcohol? A. At [Lee's] or at my mom's?
> Q. At that time of your life were you—had you been using—had you used alcohol or were you using alcohol? A. At my mom's, yeah.
> Q. And how about smoking marijuana? A. Yes.
> Q. And those things weren't allowed in [Lee's] home; right? A. No.

The district court ruled the evidence of the complaining witness's prior use of drugs and alcohol was inadmissible because "there [was] a rule 403 concern that the jury would be simply making decisions based on their conclusion that the alleged victim was a bad person unworthy of being believed simply because of her drug use and not because of any other connection."[2] *See* Iowa R. Evid. 5.403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

We employ a two-part test to decide whether the evidence should be excluded under Iowa Rule of Evidence 5.403. *See State v. Huston*, 825 N.W.2d

---

[2] The statement was actually made by the court while ruling on the motion in limine regarding what defense counsel believed the complaining witness would testify. But after the offer proof, the court stated its "previous ruling on the motion in limine regarding the witness's alcohol and drug use will stand."

531, 537 (Iowa 2013). Under the first prong, we consider the probative value of the evidence. *Id.* Under the second, we balance the probative value against the danger of its prejudicial or wrongful effect upon the jury. *Id.* Our supreme court has stated that when balancing the probative force of the evidence against the danger of unfair prejudice, courts consider:

> (1) the need for the proffered evidence "in view of the issues and other available evidence," (2) whether there is clear proof it occurred, (3) the "strength or weakness of the prior-acts evidence in supporting the issue sought to be prove[d]," and (4) the degree to which the evidence would improperly influence the jury.

*State v. Martin*, 704 N.W.2d 665, 672 (Iowa 2005) (citation omitted); *see also State v. Putman*, 848 N.W.2d 1, 10 (Iowa 2014) ("Weighing probative value against prejudicial effect 'is not an exact science,' so 'we give a great deal of leeway to the trial judge who must make this judgment call.'" (citation omitted)).

Here, we agree with the district court that the evidence should not have been admitted. Although there was some probative value, there was also real concern that requiring the complaining witness to testify about her illegal drug and drinking habits would convince the jury she was not a person worthy of their belief. *See, e.g.*, *State v. Nelson*, No. 04-0721, 2006 WL 126612, at *6 (Iowa Ct. App. Jan. 19, 2006) (noting the admission of drug possession and use is "the kind of evidence that would appeal to the jury's instinct to punish," "even when the evidence is 'not terribly inflammatory or prejudicial'" (citation omitted)). Moreover, if Lee's intended use of the evidence was to show a motive to fabricate the allegations, he could have done so without explicitly referencing the witness's illegal use of the substances. As the State points out, he was not prevented from asking more general questions, such as, "Were you allowed to do things at your

mother's house that you were not allowed to do at Lee's house" or "Did you prefer living at your mother's house because she was less strict?" The need for the specific evidence, insofar as it supported Lee's idea of the complaining witness's motive to lie, was not necessary.

The district court did not abuse its discretion in excluding the testimony.

### C. Consecutive Sentences.

In his pro se brief, Lee maintains the district court abused its discretion when it sentenced him to consecutive sentences because he was a first-time offender.[3]

"We review the district court's sentence for an abuse of discretion." *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted). When the sentence imposed is within the statutory limits, it "is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). In applying the abuse-of-discretion standard, we "consider the societal goals of sentencing criminal offenders, which focus on rehabilitation of the offender and the protection of the community from further offense." *Id.* We also "consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances for reform." *Id.* at 725. Where, as here, the court imposes consecutive sentences, the sentencing court must "explicitly state the reasons for imposing a consecutive sentence." *Hill*, 878 N.W.2d at 275.

Here, when imposing sentencing, the district court stated the following:

---

[3] Lee filed a separate motion with his brief requesting his consecutive sentences be changed to a concurrent sentence.

The Court has also had an opportunity to review the pre-sentence investigation report. Counsel's made clear the issue here is not one of prison versus probation. The charge in Count I [sexual abuse in the second degree] mandates a prison sentence. And as [defense counsel] pointed out, the other counts effectively need to be part of that sentence. The only real issue for me today is whether—or to what extent the sentences should run consecutive to each other or concurrent.

Mr. Lee, the commission of any crime necessarily involves the breach of some sort of boundary, whether it's the taking of property, a physical assault, the taking of a life, et cetera. Some line gets crossed that there have to be consequences for.

You, sir, have crossed a particularly precious and sensitive boundary through your actions. . . . Not on a singular one-off event, but over an extended period of time, repeatedly, in a manner that this Court finds particularly heinous, and which is reflected, I think, in the jury's verdict.

It is telling to me that, at least from what I just heard you say, your concern seems to be more with your ability to live out your life in a way that will allow you to find some sort of peace and ability to go on. Noticeably absent was the conveying of any sort of regret or acknowledgment of what you've done in this case. So that, to me, is a factor, as well.

Taking into account the nature of the offenses, the seriousness of the offenses, and the positions that you've taken today, I'm going to accept the State's sentencing recommendation and impose consecutive sentences in this case. I believe that's appropriate for the reasons that I've noted, and that will be the order of the Court.

Based on the foregoing, we cannot say the district court abused its discretion by imposing consecutive sentences.

**D. Ex Post Facto Clause.**

Lee maintains the district court's imposition of the section 911.2B surcharge was a violation of the Ex Post Facto Clause because the illegal conduct occurred prior to the enactment of the surcharge.

A claim that a sentence violates the Ex Post Facto Clause is a claim that a sentence is illegal. *State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018). We generally review claims that a sentence is illegal for correction of errors at law. *Id.*

at 116. However, when a claim challenges the constitutionality of a sentence, we review it de novo. *Id.*

As the State concedes, the imposition of the surcharge was illegal. The illegal conduct occurred between January 2006 and June 2013, while the section 911.2B surcharge was not enacted until 2015. *See* 2015 Iowa Acts ch. 96, § 15. "As a surcharge is a form of punishment, the imposition of the newly enacted one . . . increased the penalty of that offense." *Lopez*, 907 N.W.2d at 123. "Accordingly, the imposition of the section 911.2B surcharge for conduct occurring prior to the July 1, 2015 effective date violates the Ex Post Facto" Clause. *Id.*

"When a portion of a defendant's sentence violates the Ex Post Facto Clause, we generally vacate that portion of the district court's sentence and remand for the entry of a corrected sentence." *Id.* Here, we are able to vacate the discrete portion of Lee's sentence imposing the surcharge, so we remand to the district court only for the entry of a corrected sentence. *Id.*

## III. Conclusion.

Because substantial evidence supports Lee's conviction for lascivious acts with a child for making the child touch or fondle his pubes or genitals, Lee's trial attorney did not provide ineffective assistance by failing to raise that claim of error with the district court. Additionally, the district court did not abuse its discretion in excluding testimony regarding the complaining witness's prior illegal use of drugs and alcohol nor in imposing consecutive sentences. However, the imposition of

the section 911.2B surcharge violated the Ex Post Facto Clause, so we remand to the district court only for the entry of a corrected sentence.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**