# IN THE COURT OF APPEALS OF IOWA

No. 22-0022
Filed December 21, 2022

**JOHNNIE C. CAMPBELL,**
 Plaintiff-Appellant,

**vs.**

**CRYSTAL LYNETTE GRIFFIN,**
 Defendant-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea,

Judge.

A parent appeals from a default custody decree. **AFFIRMED.**

Johnnie C. Campbell, Des Moines, self-represented appellant.

Crystal Lynette Griffin, Davenport, self-represented appellee.

Considered by Badding, P.J., Buller, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**GAMBLE, Senior Judge.**

Johnnie Campbell appeals following a district court order on his application for default judgment in this Iowa Code chapter 600B (2019) proceeding to establish paternity, custody, and visitation. The court awarded the parents joint legal custody of the child, placed physical care with the mother, and granted Campbell restricted visitation.

At the outset, we note Campbell's appellate brief is materially deficient in several ways. Iowa Rule of Appellate Procedure 6.903(2) outlines the required sections of an appellate brief. Most notably, Campbell's brief lacks an argument section as required by rule 6.903(2)(g).[1] That section should contain "each issue raised on appeal . . . addressed in a separately numbered division." Iowa R. App. P. 6.903(2)(g). Within each division, the appellant shall include "a statement addressing how the issue was preserved for appellate review, with references to places in the record where the issue was raised and decided" and "a statement stating the scope and standard appellate review . . . citing relevant authority." Iowa Rs. App. P. 6.903(2)(g)(1)-(2). Most critically, each division of the argument section shall contain "an argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record in accordance with rule 6.904(4)." Iowa R. App. P. 6.903(2)(g)(3). "Failure to cite authority in support of an issue may be deemed waiver of that issue." *Id.* Moreover, failure to comply with any of our appellate

---

[1] Campbell's brief also lacks a conclusion section, a request for oral or nonoral submission section, and certificate of cost section. Iowa Rs. App. P. 6.903(2)(h)-(j).

rules can lead to summary disposition of an appeal. *State v. Lange*, 831 N.W.2d 844, 846–47 (Iowa Ct. App. 2013). However, "[a]s a matter of grace, we have on occasion determined an appeal even though the appellant has failed to comply with the Iowa Rules of Appellate Procedure." *Conkey v. Iowa Veterinary Supply*, Nos. 20-479, 99-1378, 2000 WL 1288970, at *1 (Iowa Ct. App. Sept. 13, 2000).

In this instance, without the critical argument section of the appellate brief to clearly identify and develop Campbell's claims on appeal, we cannot reach the merits. To do so would require us to "speculate on the arguments [Campbell] might have made and then search for legal authority and comb the record for facts to support such arguments," which we cannot do. *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996); *Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974) (refusing to reach the merits of an appeal when doing so "would require us to assume a partisan role and undertake the appellant's research and advocacy"); *In re T.W.*, No. 22-1363, 2022 WL 10827260, at *2 (Iowa Ct. App. Oct. 19, 2022); *In re K.R.*, No. 21-1120, 2021 WL 4891039, at *1 (Iowa Ct. App. Oct. 20, 2021).

We understand Campbell is a pro se litigant who may not be well versed in our briefing requirements.[2] However, "[i]t is not our role to rewrite a pro se [filing], nor can we act as the advocate for a pro se litigant." *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019). "The law does not judge by two standards, one for lawyers and another for lay persons. Rather, all are expected to act with

---

[2] We note Campbell's brief substantially complies with paragraphs (a)–(f) of rule 6.903(2), and in order no less, before failing to comply with paragraphs (g)–(j) of the rule. From this, we assume he has some actual knowledge of our appellate briefing requirements.

equal competence. If lay persons choose to proceed pro se, they do so at their own risk." *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa 1995) (internal citations omitted). So, we cannot look past the deficiencies in Campbell's brief and instead scour the trial record to tease out likely arguments for him simply because he is a pro se appellant. That would require us to step beyond our role as neutral arbiter and into an advocacy role.

Accordingly, we affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(e).

**AFFIRMED.**