# IN THE COURT OF APPEALS OF IOWA

No. 23-0883
Filed January 10, 2024

**MARK BRO and MELODY BRO,**
    Plaintiffs-Appellants,

**vs.**

**JERRY MELING, Trustee of the JERRY JOHN MELING REVOCABLE TRUST,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Tama County, Valerie L. Clay, Judge.

Mark and Melody Bro appeal from adverse summary judgment on their claim against Jerry Meling, Trustee of the Jerry John Meling Revocable Trust. **AFFIRMED**.

Robert W. Goodwin of Goodwin Law Office, P.C., Ames, for appellants.

Chad D. Brakhahn and Drew A. Powell of Simmons Perrine Moyer Bergman, PLC, Cedar Rapids, for appellee.

Heard by Bower, C.J., and Schumacher and Langholz, JJ.

**SCHUMACHER, Judge.**

Mark and Melody Bro (the Bros) appeal from an adverse summary judgment ruling on their claim against Jerry Meling, Trustee of the Jerry John Meling Revocable Trust (Meling). The Bros and Meling are owners of adjoining agricultural land. The district court granted Meling summary judgment on the Bros' second suit seeking a permanent injunction, and the Bros appeal. Because this second suit is precluded by principles of res judicata, we affirm.

**I. Background Facts and Proceedings.**

*First suit.* In 2019, the Bros filed an action seeking a permanent injunction against Meling, alleging Meling had made alterations to its land that would "cause water to accumulate and not drain via the natural waterway" and "caused and continues to cause flooding of the [Bros'] land." After discovery, Meling filed a motion for summary judgment, asserting, "Under Iowa law, expert testimony is expressly required by the Iowa Supreme Court in order to establish a causal link between topographical changes and flooding." Because the Bros did not certify an expert and acknowledged no plan to offer expert testimony, Meling contended it was entitled to judgment as a matter of law. The Bros resisted, arguing that causation could be proved without an expert.

On September 9, 2020, the district court ruled:

> In order to establish causation, the court finds that expert testimony is required. Like the case in *Intlekofer*,[1] it may be within a layperson's common knowledge that water flows downhill, however changes in topography that potentially affect watercourses are technical or scientific matters that call for an expert opinion. Further, [the Bros] admitted that the replacement berm may allow more water

---

[1] *Intlekofer v. Reitberry Rental Prop., LLC*, No. 18-2086, 2019 WL 3714835 (Iowa Ct. App. Aug. 7, 2019).

to flow through the land than the previous berm. [The Bros]' land is positioned above [Meling's] land. The court finds, even with viewing the evidence in the most favorable light to [the Bros], without the benefit of expert testimony there are unique aspects of [the Bros'] property making it no more probable the alleged flooding is caused by the berm rather than other potential causes proposed by [Meling]. The court finds that water flowing downhill is not an obvious concept within the common knowledge of a layperson given the facts and circumstances of this case, and the flow of the water is not apparent to [the Bros]. The court finds without expert testimony [the Bros] cannot prove [Meling] caused damages to [the Bros].

[The Bros] were allowed ample time to seek expert witnesses and prepare reports. The court concludes that [the Bros] did not timely designate an expert witness and may not do so at this point. Because the court finds that expert testimony is necessary to establish the essential element of causation, there remain no issues of material fact, and judgment as a matter of law is appropriate. [Meling's] Motion for Summary Judgment is granted.

The Bros did not appeal.

*Second suit.* On May 17, 2022, the Bros filed a second petition, again alleging Meling altered its property blocking the natural flow of water on the Bros' land. Bros later filed a designation of an expert witness.

On March 3, 2023, Meling moved for summary judgment, asserting the case was barred by claim and issue preclusion. The Bros resisted, arguing the first case "simply found that the Bros did not have an expert witness." They contended there was no final judgment on the merits in the previous case, so neither claim nor issue preclusion applied. The district court granted Meling summary judgment finding the claim was barred.

The Bros appeal contending there was no final judgment "on the merits" of their claim that Meling's alleged agricultural land alterations caused injury to the Bros' land in the first suit.

**II. Standard and Scope of Review.**

We review a district court's decision granting summary judgment for the correction of errors of law. *Jones v. Univ. of Iowa*, 836 N.W.2d 127, 139 (Iowa 2013). The record is reviewed in the light most favorable to the nonmoving party. *Deeds v. City of Marion*, 914 N.W.2d 330, 339 (Iowa 2018). Summary judgment may be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Iowa R. Civ. P. 1.981(3).

"Summary judgment is appropriate if the only conflict concerns the legal consequences of undisputed facts." *Peppmeier v. Murphy*, 708 N.W.2d 57, 58 (Iowa 2005) (citation omitted). We must determine "whether there is a genuine issue of material fact and whether the district court correctly applied the law." *Id.*

**III. Discussion.**

> Under Iowa law, res judicata embraces two concepts: claim preclusion and issue preclusion. The general rule of claim preclusion holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof. [I]ssue preclusion prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action.

*Dorsey v. State*, 975 N.W.2d 356, 361 (Iowa 2022) (internal quotation marks and citations omitted).

The doctrine of res judicata provides that "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." *Peppmeier*, 708 N.W.2d at 58. The *Peppmeier* court "agree[d] with [noted]

authorities that, except in limited situations not relevant here, a summary judgment constitutes a final judgment on the merits." 708 N.W.2d at 66.

The Bros assert the first lawsuit did not reach "the merits" of their claim, finding only that they needed an expert to establish Meling's actions caused their damages. They assert "the issue of causation and how to prevent recurring and successive flooding on the Bro property has not been litigated and determined on its merits." We cannot agree with this characterization.

In *Peppmeier*, our supreme court noted, "Admittedly, the res judicata rule speaks in terms of requiring a 'final judgment on the merits,'" which "suggests a trial of contested facts in contrast to a summary judgment." *Id.* at 64. The court quoted the following with approval:

> The phrase "on the merits" has been used for a long time, and is continued today . . . in judicial usage . . . . It is an unfortunate phrase, which could easily distract attention from the fundamental characteristics that entitle a judgment to greater or lesser preclusive effects. The characteristics that determine the extent of preclusion may have little to do with actual resolution of the merits, although the paradigm will always be a judgment entered after full trial of all disputed matters. Thus it is clear that an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted. . . . *The only virtue that redeems the "on-the-merits" phrase from oblivion is its service as a shorthand reminder that the extent of preclusion is measured by factors beyond validity and finality*.

*Id.* at 65 (quoting 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4435, at 132–35 & 134 n. 7 (2d ed. 2002)) (emphasis added). The court noted the same legal source discussed the preclusive effect resulting from summary judgments:

> Both claim preclusion and issue preclusion result from summary judgments that rest on the lack of any genuine issue of material fact going to the merits of claim or defense. To be sure, it might be

possible to advance the sophistic argument that preclusion is inappropriate since there has been no resolution of questions of fact, only a determination that there are no questions of fact . . . . Preclusion is appropriate even if the summary-judgment motion went unopposed; the court still must decide that the moving party has carried the summary-judgment burden, and a party should not be able to salvage a losing position for another day by simply walking away from the summary-judgment proceeding.
Only two possible qualifications need be noted.

*Id.* (quoting 18A Wright, *Federal Practice and Procedure* § 4444, at 294–96). The exceptions were not applicable in the *Peppmeier* case.[2] *See id.*

As noted by the district court in the first suit, "[The Bros] were allowed ample time to seek expert witnesses and prepare reports." *See Garr v. City of Ottumwa*, 846 N.W.2d 865, 872 (Iowa 2014) (noting that establishing a causal link between the topographical changes and flooding requires expert testimony because it is not "within the common experience of laypersons"); *Kubik v. Burk*, 540 N.W.2d 60, 64 (Iowa Ct. App. 1995) (finding summary judgment appropriate when expert testimony is needed but unavailable); *Intlekofer*, 2019 WL 3714835, at *3 (concluding the plaintiffs "needed to identify an expert by the pretrial deadline to present an actionable negligence claim against the City and Reitberry" and having failed to do so they "cannot, as a matter of law, prove an element of their negligence claim," and the district court properly rendered summary judgment for

---

[2] The exceptions are not applicable here either. *See* 18A Wright, *Federal Practice and Procedure* § 4444 (3rd ed. 2023) (footnotes omitted) (providing the "[o]nly two possible qualifications" are (1) "a prior decision may have chosen summary judgment as an inapt procedural vehicle for a judgment that actually rested on such matters of abatement as lack of jurisdiction, improper venue, or failure to join required parties, or that rested on an evaluation of the pleadings," and (2) "orders entered under former Civil Rule 56(d) to specify that some 'material facts exist without substantial controversy,' since such orders are not final and remain subject to revision at any time before final judgment" (cleaned up)).

the defendants). The district court granted summary judgment in favor of Meling because the Bros failed to present evidence of causation—i.e., because there was no genuine issue of material fact going to the merits of the Bros' claim. *See Parish v.Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006) ("If the moving party can show that the nonmoving party has no evidence to support a determinative element of that party's claim, the moving party will prevail in summary judgment.").

The Bros urge, "There is a genuine issue of fact to be determined, i.e., how to prevent the flooding on the Bro property." They assert in equity, "The Bros should have their day in court to have their expert witness whom they have now hired to testify as to the causation of the flooding of their property and how to prevent the flooding." This complaint ignores that there has already been an adjudication, which determined they were unable to prove Meling caused whatever flooding the Bros experienced.

We acknowledge that res judicata does not apply if the party against whom an earlier decision is asserted did not have a "full and fair opportunity" to litigate a claim or issue. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 480–81 n.22, (1982). "Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Id.* at 481. We have no such doubt here. The prior claim against Meling was based on the same facts that comprise the Bros' second claim. In the prior case, the parties conducted discovery and had a full and fair opportunity to litigate the claim. The prior summary judgment disposed of all issues and controversies between the Bros and Meling. It was a final appealable judgment, which the Bros did not appeal. The prior judgment had preclusive effect, and the district court properly

entered judgment for Meling. *Accord Peppmeier*, 708 N.W.2d at 66. Accordingly, we affirm the district court.

**AFFIRMED.**