# IN THE COURT OF APPEALS OF IOWA

No. 22-1897
Filed July 24, 2024

**WALLACE D. MUHAMMAD,**
      Petitioner-Appellant,

**vs.**

**ADRIANNA ROBERTS,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling, Judge.

A protected party under a domestic violence protective order appeals the dismissal of his contempt application. **AFFIRMED.**

Wallace Diaab Muhammad, Davenport, self-represented appellant.

Carrie L. O'Connor of Iowa Legal Aid, Dubuque, for appellee.

Considered by Badding, P.J., Langholz, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**PER CURIAM.**

In August 2021, Wallace Diaab Muhammad[1] filed a petition for relief from domestic abuse against Adrianna Roberts under Iowa Code chapter 236 (2021). The district court entered a final domestic abuse protective order in December, which restrained Roberts from any contact with Muhammad—including through third parties except legal counsel—for a period of one year. In August 2022, Muhammad filed a contempt application against Roberts, alleging she sent his son a message to tell Muhammad that their daughter needed "shoes & clothes for school."[2] The court scheduled a hearing on the application for late August and denied Muhammad's requests for his son, who lived in Florida, to testify by video-conference. But on the hearing date, the court granted Muhammad a continuance so that he could make travel arrangements for his son.

At the continued hearing in November, Muhammad represented himself and presented no evidence in support of his contempt application.[3] Muhammad explained he had been unable to arrange for his son to travel from Florida to testify and asked for another continuance. Roberts resisted, and the court denied the request for a continuance. Muhammad then told the court, "I'm not prepared. I don't have my text messages. I don't have my son here." Roberts moved to dismiss the application, and the court granted the motion.

---

[1] Muhammad's appellate brief also lists his name as Vakil Mahdi Muhammad.

[2] This application came after two other applications that alleged Roberts simply contacted Muhammad's son. The district court summarily denied those applications as not alleging an act of contempt.

[3] The hearing mostly consisted of discussion about a separate contempt application and related documents that Muhammad said he filed around the time of the hearing.

Muhammad now appeals the dismissal of his contempt application. He first appears to argue he now has the text messages showing that Roberts tried to contact him and requests that we find her in contempt. But this challenge is based on evidence that was not presented to the district court and, by extension, is not properly before us. After the application was dismissed and the notice of appeal filed, Muhammad filed a number of documents in the district court on his other contempt endeavors—and he improperly included even more documents in his appendix on appeal. However, we are "limited to the record made before the district court" when it entered the challenged ruling. *See State v. Boggs*, 741 N.W.2d 492, 505 n.2 (Iowa 2007). So, absent any supporting evidence properly in the record, Muhammad is not entitled to relief on appeal. *See Felton v. Iowa Dist. Ct.*, No. 21-1398, 2023 WL 1809820, at *4 (Iowa Ct. App. Feb. 8, 2023) (discussing heavy evidentiary burden to prove contempt).

Muhammad also seems to argue the district court abused its wide discretion in denying his motion to continue the day of the hearing. "Trial courts have broad discretion in deciding whether to grant motions for continuances; absent a clear abuse of this discretion, we will not interfere." *Dep't of Gen. Servs. v. R.M. Boggs Co.*, 336 N.W.2d 408, 410 (Iowa 1983). Motions to continue are governed by Iowa Rules of Civil Procedure 1.910 and 1.911. *Starbuck v. McCleary*, No. 21-1900, 2023 WL 2152668, at *4 (Iowa Ct. App. Feb. 22, 2023). The former "requires a party to move for continuance 'without delay after the grounds therefore become known,'" while the latter explains a "continuance may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained." *Id.* (citations omitted).

Muhammad waited to lodge his motion to continue until the day of the already-continued hearing, even though he knew well beforehand that his son would not appear. And Muhammad appears to agree the need for a continuance was due to his own fault or negligence, noting in his appellate brief that the requested continuance was due to his lack of preparation and "poor knowledge of understanding the courts in the manner [he] approached alone that day." Muhammad's lack of preparation and unfamiliarity with the law do not entitle him to relief. *See Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995) ("The law does not judge by two standards, one for lawyers and another for lay persons. Rather all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk." (internal citations omitted)). Finding no abuse of discretion, we affirm the district court's dismissal of Muhammad's contempt application.[4]

**AFFIRMED.**

---

[4] While this appeal was pending, Muhammad filed a "letter to the judges" with the clerk of the appellate courts. The letter and its contents are outside the record on appeal and are therefore disregarded.