**IN THE COURT OF APPEALS OF IOWA**

No. 23-1987
Filed September 18, 2024

**JAIME HERNANDEZ,**
     Plaintiff-Appellee,

**vs.**

**CAITHLIN KUHRE-HOLMQUIST,**
     Defendant-Appellant.

_____

     Appeal from the Iowa District Court for Muscatine County, Tamra Roberts,

Judge.


     Caithlin Kuhre-Holmquist appeals the district court's order that modified the

physical care of the two children she has with Jaime Hernandez and also appeals

the modification of her child support obligation. **APPEAL DISMISSED.**


     Caithlin Kuhre-Holmquist, West Liberty, self-represented appellant.

     Sasha L. Finke of Finke Law Firm, PLC, Ainsworth, for appellee.


     Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

An order was entered December 10, 2019, awarding Jaime Hernandez and Caithlin Kuhre-Holmquist joint legal custody and shared physical care of their two daughters. Caithlin was ordered to pay child support. Jaime filed a modification action in March 2022 seeking physical care of the children. Following a July 2023 trial on the modification action, the district court modified the original order and granted Jaime physical care of the children. The court increased Caithlin's child support obligation based on the change in physical care and ordered the increase to be retroactive to January 2023.

We begin by noting the deficiencies in Caithlin's appellate brief, despite being refiled after the Iowa Supreme Court ordered Caithlin to amend her earlier filing and ensure compliance with the Iowa Rules of Appellate Procedure. Our court recently addressed similar deficiencies. *See In re Maryann Bennett Tr.*, No. 23-0895, 2024 WL 3688871, at *1 (Iowa Ct. App. Aug. 7, 2024). We explained:

> Our rules of appellate procedure require appellate briefs to include argument sections containing (1) an error-preservation statement "addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided in the district court"; (2) "a statement addressing the scope and standard of appellate review . . . , citing relevant authority"; and (3) argument containing the appellant's contentions supported by citations to relevant authority and references to relevant portions of the record.

*Id.* (quoting Iowa R. App. P. 6.903(2)(a)(8)(1)–(3)). Significantly, "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(a)(8)(3).

We acknowledge Caithlin's amended appellate brief added periodic record references, but the brief does not otherwise comply. Caithlin's briefs include

neither any error preservation statements nor statements addressing this court's scope and standard of review. But most crucially, they lack reference to any relevant legal authority in support of the arguments presented. And the legal authority the brief does reference is not relevant and does not support any discernible argument in Caithlin's favor. To meaningfully address her arguments would require us to conduct advocacy research and assume a partisan role. *See Maryann Bennett Tr.*, 2024 WL 3688871, at *1. We cannot place ourselves in this position. *See* Iowa Ct. R. 21.11 ("The principal role of the court of appeals is to dispose justly of a high volume of cases.").

It does not escape us that Caithlin is a self-represented litigant. But we do not give greater leniency to a party because of such status. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995). "It is not our role to rewrite a pro se pleading, nor can we act as the advocate for a pro se litigant." *Goodwin v. Iowa Dist. Ct.*, 936 N.W.2d 634, 643 n.2 (Iowa 2019). "The law does not judge by two standards, one for lawyers and another for lay persons. Rather, all are expected to act with equal competence. If lay persons choose to proceed pro se, they do so at their own risk." *Kubik*, 540 N.W.2d at 63 (internal citations omitted). When an appellant's brief disregards material briefing requirements, whether the appellant is represented by counsel or acting pro se, we are not required "to step beyond our role as neutral arbiter and into an advocacy role." *Campbell v. Griffin*, No. 22-0022, 2022 WL 17826924, at *1 (Iowa Ct. App. Dec. 21, 2022).

Given the non-compliance with the appellate rules, we do not address the merits of Caithlin's claims and dismiss the appeal.

**APPEAL DISMISSED.**