# IN THE COURT OF APPEALS OF IOWA

No. 24-0522
Filed February 5, 2025

**STEPHANIE LYNN YOUNG,**
     Plaintiff-Appellant,

**vs.**

**MCENROE, GOTSDINER, BREWER, STEINBACH & ROTHMAN, P.C., JAMES S. SHEETS, MICHAEL L. MCENROE, MURRAY B. GOTSDINER, FRANK STEINBACH, and DANIEL J. ROTHMAN,**
     Defendants-Appellees.

_____

     Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


     A self-represented plaintiff appeals from summary judgment on a malpractice claim against her former lawyer. **AFFIRMED.**


     Stephanie Young, Des Moines, self-represented appellant.

     Jason C. Palmer and Ryan P. Tunink of Lamson, Dugan & Murray LLP, West Des Moines, for appellees.


     Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

"A litigant has a right to appear in court pro se." *Metz v. Amoco Oil Co.*, 581 N.W.2d 597, 599 (Iowa 1998). But the same rules apply regardless of whether a party is represented, and those who choose to guide themselves through the hazardous terrain of civil litigation do so at their own risk. *Kubik v. Burk*, 540 N.W.2d 60, 63 (Iowa Ct. App. 1995).

Stephanie Young brought this pro se malpractice suit against attorney James Sheets, who represented her in an unsuccessful small claims action against a tenant that she ousted from a rental property in Des Moines. Young also sued Sheets' former law firm and four of its shareholders. In asserting claims for negligence and breach of contract,[1] Young's petition alleged that Sheets misrepresented himself as a "Landlord Tenant attorney" and underperformed at the small claims hearing by allowing the tenant "to be dishonest under oath" and refusing to submit evidence she believed was relevant to impeaching the tenant's credibility.

Young timely designated Jack Cohen, a California real estate investor and automobile dealer, to testify as an expert witness at trial. But Cohen was not a licensed attorney in Iowa or California—nor did he claim to have any legal education or professional legal experience. Yet in a written report, Cohen opined that Sheets "displayed a lack of professionalism" and failed to provide Young with "the expected level of representation." Following the close of expert discovery,

---

[1] There is no dispute that Young's claim for breach of contract is subsumed by her claim for professional negligence. *See Kemin Indus., Inc. v. KPMG Peat Marwick LLP*, 578 N.W.2d 212, 221 (Iowa 1998).

Sheets and his co-defendants moved for summary judgment, arguing that Young had failed to disclose an expert qualified to testify to the standard of care for professional negligence. Young did not file a resistance, although she appeared at the hearing on the motion and asserted an attorney had told her that "anybody could be an expert witness, as long as they have done it before in other prior cases."

The district court found Young's expert was "not qualified to testify on whether Mr. Sheets' conduct met the standard of an ordinarily skilled attorney" and dismissed Young's case against all the defendants. Young asked the court "to reconsider the summary judgment decision and grant a bench trial." The court denied her motion. Young then moved the court to "set aside summary judgment order for good cause" under Iowa Rule of Civil Procedure 1.977 and asked for more time to file "an expert witness affidavit . . . authored by an attorney." But the court denied that motion too.

Young now appeals, claiming the district court erred by finding the opinion of her non-attorney expert could not establish the standard for her legal malpractice claim.[2] She argues there is no requirement that a standard-of-care expert in a legal malpractice case be licensed or trained as an attorney. But to establish a prima facie claim for legal malpractice, a plaintiff must show—among other elements—that the attorney failed "to use such skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise."

---

[2] We review the court's summary judgment ruling for correction of errors at law, examining whether the movant demonstrated "that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law." *Vossoughi v. Polaschek*, 859 N.W.2d 643, 649 (Iowa 2015).

*Stender v. Blessum*, 897 N.W.2d 491, 505 (Iowa 2017). Expert testimony is generally required to meet this burden. *Id.*; *Crookham v. Riley*, 584 N.W.2d 258, 266 (Iowa 1998). "This is because the measure for the standard of care required is that of a similarly situated ordinary lawyer." *Stender*, 897 N.W.2d at 505. Nothing in the summary judgment record suggests that Cohen had any knowledge, skill, experience, or training that would qualify him to testify on Iowa legal practice. We accordingly find no error in the court's conclusion that Cohen was "not a qualified expert in this case."

Young alternatively argues "it is easily within the province of the average person to understand the simplicity of the multiple oversights caused by . . . Sheets in the course of the trial." While a plaintiff may be excused from the requirement to provide expert testimony where "the attorney's behavior has been overt and obvious to a layperson," *Stender*, 897 N.W.2d at 506 n.8, Young did not make this argument before the district court or ask the court to rule on it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). In any event, we cannot say from the record before us that Sheets' "conduct which is claimed to be negligent is so clear it can be recognized or inferred by a person who is not an attorney." *Kubik*, 540 N.W.2d at 64; *cf. Stender*, 897 N.W.2d at 506 n.8 (listing examples "of obvious attorney errors").

We also reject Young's challenge to the district court's denial of her post-judgment motion requesting additional time to designate a qualified expert witness. She argues her faulty choice of experts was "excusable neglect" and that judgment

may be set aside under Iowa Rule of Civil Procedure 1.977. But rule 1.977 provides relief from default. It is not a basis to set aside summary judgment. *See Bank of Am. v. Juarez*, No. 06-1793, 2007 WL 2964170, at *2 (Iowa Ct. App. Oct. 12, 2007). And although Iowa Code section 668.11 permits the late designation of a professional liability expert "for good cause shown," Young's asserted status as "an untrained, unlearned, inexperienced pro se litigant" who made an "unintentional mistake" is not grounds for an extension. *See Thomas v. Fellows*, 456 N.W.2d 170, 172 (Iowa 1990) ("Good cause under section 668.11 must be 'more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect.'" (citation omitted)); *see also Donovan v. State*, 445 N.W.2d 763, 766 (Iowa 1989) (noting an attorney's "inexperience[] in . . . malpractice cases" is not grounds for an extension).

Because Young failed to designate a qualified expert, and the district court did not abuse its discretion in denying her post-judgment request for an extension, summary judgment was proper.

**AFFIRMED.**